WEISS v. TENNANT.

(Buffalo Superior Court—General Term, December, 1892.)

W., a member of a benefit society, on June third, paid fifty cents for five months' dues, up to June first. On June fifth he died. The by-laws did not require dues to be paid in advance, but provided that any member being three months in arrears should not be considered " in benefit," until one month after he was clear on the books, and also that no member three months in arrears for dues, should be eligible to receive a funeral benefit of fifty dollars. *Held*, that W. was entitled to a funeral benefit. The by-laws further provided that new members were not eligible to receive a funeral benefit until six calendar months had elapsed after initiation. *Held*, that it appearing that W. was a member at the time of his death, it was matter of defense to show that he had not been a member the required length of time.

*Henry W. Brendel*, for plaintiff (appellant).

*Frank M. Loomis*, for defendant (respondent).

TITUS, Ch. J. This action was brought in the Municipal Court to recover fifty dollars for funeral expenses incurred in

burying the husband of the plaintiff, as provided by the by-laws of the defendant.

The Stone Cutters' Asssociation is an incorporated joint-stock association, of which the defendant Tennant is treasurer. Henry Weiss, the deceased husband of the plaintiff, was a member in good standing before and on the 1st day of January, 1891. He died on the fifth day of June, with his name on the roll of membership of the association. It appears from the by-laws, article XXVI, section 1, that the membership dues shall be twenty-five cents a month, but in the statement of facts stipulated by the attorneys for the respective parties, the monthly dues of members are ten cents. As the statement of facts stipulated is controlling as to what was the amount of monthly dues, it is assumed that ten cents was the amount required to be paid.

On the 3d day of June, 1891, Weiss caused to be paid to Michael Scheade the sum of fifty cents for five months' dues, which said Weiss owed at that time. Michael Scheade was a " shop steward," who, on the eighth day of June, paid said sum of fifty cents to the financial secretary at a meeting held on that day, which sum was received by the association and credited to Weiss. This, under the stipulation of facts, would pay the dues which Weiss was owing the association up to the first day of June. By article XXXII, section 2, of the by-laws, it is made the duty of the " shop stewards " to collect the initiation fees, dues and all moneys belonging to the association. This section authorized Scheade to receive the money for Weiss' dues, and constituted him the agent of the defendant for that purpose, and a payment to him was a payment to the society. There is nothing in the by-laws prohibiting a member three months in arrears for dues from paying, and when he paid the officer designated to collect and receive dues it was a payment to the association, and whether Scheade turned it over to the financial secretary before or after Weiss' death does not affect this question. By article XXIV, section 3, any member being three months in arrears shall not be considered " in benefit " until one month after he is clear on the books. The benefits

to which this section relates are not very clearly pointed out by the by-laws. The association was organized to benefit its members by regulating the price of labor and all other matters appertaining to the trade, and it assumes to say who of its members shall work and when they shall work and the price per day they shall receive and the number of hours they shall work. A member of the association on a strike shall receive from the association six dollars a week; a system of fines and penalties is provided for members who violate the rules of the association. The benefits contemplated by the section evidently refer to the advantage of constant employment, of indemnity for the loss of time in case of a strike, and the facility of employment which a membership in the association affords.

By article XXXVII it is provided that this union shall appropriate the sum of fifty dollars towards defraying the funeral expenses of deceased members who are clear of all fines and in good standing, but no member will be eligible for this provision who is three months in arrears, nor new members until six calendar months have elapsed after date of initiation.

So far as anything appears in the case, the deceased was in good standing and clear of all fines, and was not at the time of his death three months in arrears for dues, his dues having been paid to the " shop steward " up to the first of June preceding his death and while he was yet alive. Nothing in the by-laws requiring dues to be paid in advance, his dues for June could be paid at any time during the month. He was not in arrears for his dues for June, as they were not payable until the end of the month.

I do not think the by-law providing that members who are in arrears for three months shall not be considered " in benefit " has reference to the provision for defraying funeral expenses of deceased members. The by-law fixes the condition upon which such appropriation for funeral expenses shall be made, and there is nothing in the conditions, namely, " clear of all fines and in good standing and not three months in arrears for dues," which applies to the deceased.

The objection that the deceased had not been a member for six months is not well taken. It does not appear when he was made a member, except that he became a member on or before January 1, 1891. He was a member at the time of his death, and it was a matter for the defense to show that he had not been a member the required length of time. The court will not presume, in the absence of proof, that he had not been a member for six months, as must be done to sustain the objection.

I think, therefore, that the judgment of the court below must be reversed, with costs.

Judgment reversed.