Cornelius O'Connell and Others, Plaintiffs, *v.* Thomas O'Leary, as President of the Milk Wagon Drivers, Chauffeurs, Stablemen and Helpers Union, Local 584, Unit 1, Defendant.

Supreme Court, Special Term, New York County, March 30, 1938.

*Goldstein & Goldstein [Jonah J. Goldstein* and *Lawrence Kovalsky* of counsel], for the plaintiffs.

*Rice & Maguire [Edward C. Maguire* of counsel], for the defendant.

Koch, J.    Plaintiffs by this action seeks to have an election of the Milk Wagon Drivers, Chauffeurs, Stablemen and Helpers Union, Local 584, Unit 1, declared null and void, and to restrain those elected at such election from entering upon the performance of their duties.

Defendant is a chartered local of the International Brotherhood Union known as Teamsters, Chauffeurs, Stablemen and Helpers of America.    Plaintiffs are members of and defeated candidates for office in the defendant union local.

Section 4 of the constitution of the International Union provides: " To be eligible for election to any office of Local Union or International Union a member must be in continuous good standing for a period of one year prior to nomination for said office."

Section 73 of the same constitution reads as follows: " A Local Union or member of more than one month in arrears for *per capita* tax or dues shall not be entitled to benefits, and should a Local Union or member become three months in arrears for *per capita* tax, dues, fines, etc., they shall stand suspended and shall not be entitled to benefits for three months after all arrears have been paid."

It is the contention of the plaintiffs that Max Hoffman, one of the three candidates for president, and William Loughlin, one of the four candidates for vice-president, who were defeated at such election, were not eligible as candidates because they were not members in good standing for one year prior to their nomination. Article II, section 2, of the local's constitution provides: " Nomination of officers shall take place at the first meeting in December, election shall take place at the last meeting in December and shall be decided by printed ballot."

The complaint alleges that on the day of his nomination Hoffman was in arrears in dues for a period of four months. The evidence discloses, however, that Hoffman was in the employ of Zorb Dairy, Inc., as a driver, and that his employer was under a contract with the defendant union which required that " the employer shall deduct dues and assessments from the salary of the employe." The union sent bills each month to all employers who were parties to such contracts and not direct to its members. Payment of dues to one designated to collect them is payment to the union. (*Weiss* v. *Tennant*, 2 Misc. 213.) Furthermore, the Zorb Dairy, Inc., on December 2, 1937, transmitted its check to defendant in payment of the dues of Hoffman. The election committee, designated at the meeting held on December 2, 1937, to conduct the election of officers, held a hearing on protests of Hoffman's eligibility. It overruled the objections and decided that he was eligible to be a candidate for president. Plaintiff's failure to raise a protest that Hoffman was in arrears in dues and not in good standing as a member, comes too late to challenge its validity.

The members of a trade union are presumed to know what the laws of its existence declare to be binding upon them. All members had access to defendant's books and might easily have examined them for this important purpose. Having omitted to urge this protest at the hearing before the election committee, they have lost their right to do so. It is to be noted that Hoffman did not protest the election. The protest came from Le Fever, the candidate receiving the lowest number of votes cast. It would be manifestly unfair to unseat the candidates receiving the plurality vote because one of the defeated candidates questions the eligibility of a running

mate.   Nor may the court speculate as to which of the remaining candidates would have received the votes cast for a defeated candidate had he not run.

For the office of vice-president the plaintiff O'Connell received the third highest of the votes cast of four nominees.   He contends that the candidate William Loughlin, who received the smallest number of votes cast for that office, was not a member in continuous good standing for a period of one year prior to his nomination. It is claimed that he became a member of Local 584, Unit 1, only in January, 1937.   I find that Loughlin's dues were paid by his employer, Grandview Dairy, Inc., monthly from January, 1937, to the month of the meeting in question, and that he was continued by the union as a member in good standing.   I also find that the election committee, at its meeting preceding the election, passed formally upon the eligibility of this member as a candidate for office.

In the absence of fraud the determination of the election committee precludes interference by the courts.

There remains for consideration the claim urged by plaintiffs that the use of the voting machines is in violation of the constitution of the union.   This contention is untenable.   The machines contain frames into which printed ballots with the names of candidates were placed.   It will be noted that neither the plaintiffs nor any other member or members of the union made any protest covering the use of voting machines either upon the day of election or at any time prior thereto.   In these circumstances I am satisfied that the election was honestly and fairly conducted and that the use of voting machines did not violate the provisions of the constitution.

Judgment is awarded defendant.

Findings of fact and conclusions of law have been waived by stipulation of the parties.

Settle judgment in accordance with the foregoing.